UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

Case No. _____

TIMMIE LEE KNOX, JR.

    Plaintiff,

v.

RIC BRADSHAW, in his capacity as Sheriff
of Palm Beach County, Florida, and DEPUTY
SHERIFF DUSTIN SULLIVAN, individually,

    Defendants.
_____/

**NOTICE OF REMOVAL**

Defendants, RIC BRADSHAW, individually and in his official capacity as Sheriff of Palm Beach County, Florida, and DUSTIN SULLIVAN, individually, through undersigned counsel, pursuant to Title 28 U.S.C. §1441, hereby file this Notice of Removal of the case styled <u>Timmie Lee Knox, Jr. v. Ric Bradshaw, in his capacity as Sheriff of Palm Beach County, Florida and Deputy Sheriff Dustin Sullivan, individually</u>, Case No. 2023-CA-1747, which was filed in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach Florida. As grounds for this removal, Defendants state the following:

1.    On February 24, 2023, the Plaintiff filed a Complaint naming as Defendants Ric Bradshaw, in his individual and official capacities as Sheriff of Palm Beach County, Florida and Deputy Sheriff Dustin Sullivan, individually. The Complaint asserts the following claims: Count I – 42 U.S.C. § 1983 Violation of Plaintiff's Civil Rights (Sullivan); Count II – 42 U.S.C. § 1983 – Deprivation of Plaintiff's Civil Rights (Bradshaw); Count III – Battery (Bradshaw); Count IV –

1

Battery (Sullivan); Count V – Negligent Use of Electronic Control Device (Bradshaw); Count VI – Negligent Supervision, Retention and Training (Bradshaw). Counts I and II are based on alleged violations of the United States Constitution and are brought pursuant to 42 U.S.C. §1983. (See Exh A. – Complaint).

2. This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441. That provision states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a).

3. The Court has original federal question jurisdiction over the action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) because Plaintiff asserts claims that arise under the federal laws of the United States, namely 42 U.S.C. §1983, and seeks redress for alleged deprivations, under color of state law, of rights secured by the United States Constitution. Thus, the case is removable pursuant to 28 U.S.C. §1441(a).

4. Pursuant to 28 U.S.C. §1367(a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. §1367(a). Plaintiff has also alleged state law claims against the Defendants in the Complaint. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. §1367(a), as they arise from the same factual circumstances that forms the basis for the federal claims and is so related to the claims under which this Court has original jurisdiction that it forms part of the same case or controversy under Article III of the Constitution. Accordingly, Defendants request that this Court accept supplemental jurisdiction as to the state law claims set forth in the Complaint.

5. When a civil action is removed solely under 28 U.S.C. §1441(a), all defendants who have been served must join in or consent to the removal of the action. 28 U.S.C. §1446(b)(2)(A). All Defendants have been served and join in the removal of this action.

6. The Defendants were served on March 20, 2023. Pursuant to 28 U.S.C. §1446(b)(1), this Notice of Removal is timely, being filed within thirty (30) days of service of Complaint upon the Defendants.

7. Pursuant to 28 U.S.C. §§1446(a) and 1447(b) copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the state court are being filed contemporaneously herewith. (Composite Exhibit 1).1

8. Venue is proper in the West Palm Beach Division of the Southern District of Florida, pursuant to Rule 3.1 of the Local Rules of the United States District Court for the Southern District

---

[1] Plaintiff's counsel filed a Notice of Filing Exhibits to Complaint with the Clerk of Court for the 15th Judicial Circuit that, rather than being accompanied by copies of the actual exhibits, only contained a link to a OneDrive file in the Cloud that contains all of the paper and video exhibits identified therein. To access these items, the Court should click on the link as contained in said Notice. The exhibits are described in the notice as follows: "Exhibit "A", 768.28 Letter and Certified Green Cards; Exhibit "B", PBSO Use of Force Policy, General Order 550.00; Exhibit "C", PBSO Authorized Weapons and Ammunition, General Order 551.00; Exhibit "D", Composite Taser Reports; *and* Exhibit "E", Real Time Video."

of Florida, as the case is being removed from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. See also 28 U.S.C. 1441(a) and 1446(a).

9. Concurrent with the filing of this Notice of Removal with this Court, the Defendants will provide Notice of Removal to the Plaintiff, through the attorney of record in the state Circuit Court action, as required by 28 U.S.C. §1446(d), as well as Notice to the Clerk of Court in and for the Fifteenth Judicial Circuit Court for Palm Beach County, State of Florida.

10. A Civil Cover Sheet is attached hereto. (Exhibit 2).

WHEREFORE, the Defendants request that this action be removed to this Court, and that this Court assume jurisdiction of this action pursuant to 28 U.S.C. §§1331, 1367, and 1441.

Respectfully submitted,

 */s/ Richard A. Giuffreda*
RICHARD A. GIUFFREDA, ESQUIRE
Fla. Bar No.: 705233
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
Attorneys for Defendants
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
Email: richard@purdylaw.com; jennifer@purdylaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have electronically filed a copy of the forgoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to: **ROSALYN SIA BAKER-BARNES, ESQUIRE and JOHN SCAROLA, ESQUIRE**, 2139

4

Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409 [rsb@searcylaw.com, baker-barnesteam@searcylaw.com, jsx@searcylaw.com, scarolateam@searcylaw.com] this 10th day of April, 2023.

    *s/Richard A. Giuffreda*
RICHARD A. GIUFFREDA, ESQUIRE
Fla. Bar No. 705233
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:     (954) 462-3200
Facsimile:       (954) 462-3861
e-mail: richard@purdylaw.com, jennifer@purdylaw.com
Attorney for *Defendants*
Trial Counsel