UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:23-CV-80630-DMM

TIMMIE LEE KNOX, JR.

        Plaintiff,

v.

RIC BRADSHAW, in his capacity as Sheriff
of Palm Beach County, Florida, and DEPUTY
SHERIFF DUSTIN SULLIVAN, individually,

        Defendants.
_____/

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants RIC BRADSHAW, individually and in his official capacity as Sheriff of Palm Beach County, Florida, and DEPUTY SHERIFF DUSTIN SULLIVAN, individually, by and through their undersigned counsel, hereby answer the Plaintiff's Complaint as follows:

### Introduction

1. Denied.

### Jurisdiction and Venue

2. It is admitted that this court has jurisdiction and that venue is proper. It is denied that there is liability or that the Plaintiff is entitled to an award of damages.

3. It is admitted that this court has jurisdiction and that venue is proper. It is denied that there is liability or that the Plaintiff is entitled to an award of damages.

4. Admitted that the Sheriff, in his official capacity, received notice pursuant to state statute. The remaining allegations are without knowledge and are therefore denied. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of

1

damages.

5. Admitted that the Plaintiff is and was an adult at all material times. The remaining allegations are without knowledge and are therefore denied. Further it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

6. Admitted that Ric Bradshaw is the elected Sheriff of Palm Beach County, Florida, and as such, is an independently elected constitutional officer and final policymaker for the Palm Beach County Sheriff's Office, in his official capacity. It is denied that there is liability or that Plaintiff is entitled to an award of damages.

7. Admitted that Defendant Sullivan is employed by the Sheriff of Palm Beach County as a sworn certified law enforcement. It is denied that there is liability or that the Plaintiff is entitled to an award of damages.

## Background Allegations

*The Use of Force: A Pattern of Abuse*

PBSO General Order 500 states that "the most important purpose of law enforcement is the protection of human life."   Admitted only that PBSO's General Order 500 is quoted in part. However, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

The Defendants deny that the exhibits contained within the OneDrive Link support any of the Plaintiff's claims or allegations contained in the Complaint and that, to the extent they are shown to be authentic, speak for themselves.

8. Denied.

9. Denied.

10. Denied.

2

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied as phrased.

25. Denied as phrased.

26. Denied.

*Deputy Sullivan: Careless, Confrontational and Reckless*

Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied as phrased.

31. Denied as phrased.

32. Denied.

33. Denied.

34. Admitted only that the official policies of the Palm Beach County Sheriff's Office are in compliance with both federal and state law regarding the use of force. Otherwise, the allegations are denied as phrased. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

35. Admitted only that the official policies of the Palm Beach County Sheriff's Office are in compliance with both federal and state law regarding the use of force. Otherwise, the allegations are denied as phrased. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

36. Admitted only that the official policies of the Palm Beach County Sheriff's Office are in compliance with both federal and state law regarding the use of force. Otherwise, the allegations are denied as phrased. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

37. Admitted only that the official policies of the Palm Beach County Sheriff's Office are in compliance with both federal and state law regarding the use of force. Otherwise, the allegations are denied as phrased. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

38. Admitted only that the official policies of the Palm Beach County Sheriff's Office are in compliance with both federal and state law regarding the use of force. Otherwise, the allegations are denied as phrased. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

39. Admitted only that the official policies of the Palm Beach County Sheriff's Office

are in compliance with both federal and state law regarding the use of electronic control devices. Otherwise, the allegations are denied as phrased. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

40. Admitted. However, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

41. It is admitted that Section VI of the applicable policy addresses the use of electronic control devices. It is denied that there is liability or that the Plaintiff is entitled to an award of damages and the Defendants otherwise state that the policy is in compliance with both federal and state law regarding the use of such devices. The remaining allegations are denied.

42. It is denied that subsection W of the policy addresses issues contained in this paragraph. It is denied that there is liability or that the Plaintiff is entitled to an award of damages.

43. It is admitted that subsection L of the ECD policy states as has been quoted. It is denied that there is liability or that the Plaintiff is entitled to an award of damages.

44. It is admitted that the ECD policy states as has been quoted. It is denied that there is liability or that the Plaintiff is entitled to an award of damages.

45. Denied as phrased.

46. Denied as phrased.

*PBSO's Pattern of Unjustified Use of ECD's or Tasering Guns*

Denied

47. Denied.

48. Denied.

49. Denied.

*The Tasering of TIMMIE: A Tragedy Waiting to Happen*

Denied.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied as phrased.

59. Denied as phrased.

60. Denied as phrased.

61. Denied.

62. Denied.

63. Denied.

64. Admitted that the Sheriff received notice, pursuant to state statute, as to any applicable state law claims in his official capacity. The remaining allegations are without knowledge and therefore denied.

## COUNT I: 42 U.S.C. §1983 VIOLATION OF PLAINTIFF'S CIVIL RIGHTS (SULLIVAN)

65. See the Defendants' previous responses to paragraphs 1 through 64 as if fully set forth herein.

66. Admitted only that Deputy Sullivan was acting in the course and scope of his employment on May 7, 2021. However, it is denied that he used excessive force. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

67. Denied.

68. This paragraph appears to be a statement of law rather than fact. Therefore, it is denied as phrased. Further, the Defendant states that he did not use excessive force as alleged. It is denied that there is liability or that the Plaintiff is entitled to an award of damages.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

Wherefore clause is denied.

### COUNT II:  42 U.S.C. §1983 DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS (BRADSHAW)

76. See the Defendants' previous responses to paragraphs 1 through 64 as if fully set forth herein.

77. It appears that the paragraph is a statement of law and not fact. Therefore, it is denied as phrased. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

78. It appears that the paragraph is a statement of law and not fact. Therefore, it is denied as phrased. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

79. It appears that the paragraph is a statement of law and not fact. Therefore, it is denied as phrased. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

80. Denied.
81. Denied.
82. Denied.
83. Denied.
84. Denied.
85. Denied.
86. Denied.
87. Denied.
88. Denied.
89. Denied.
90. Denied.
91. Denied.

Wherefore clause is denied.

## COUNT III:  BATTERY  (BRADSHAW)

92. See the Defendants' previous responses to paragraphs 1 through 64 as if fully set forth herein.

93. Denied.

94. Admitted that Deputy Sullivan was acting in the course and scope of his employment.  However, it is denied that he used excessive force or that there is liability or that the Plaintiff is entitled to an award of damages.

95. Admitted only that Deputy Sullivan's actions were intentional and further, not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, and further, that Deputy Sullivan did not use excessive force as alleged.  In addition, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

96. It appears that this paragraph is a statement of law not fact.  Consequently, it is denied as phrased.  Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

97. Denied.

Wherefore clause is denied.

## COUNT IV:  BATTERY  (SULLIVAN)

98. See the Defendants' previous responses to paragraphs 1 through 64 as if fully set forth herein.

99. Denied.

100. Admitted that Deputy Sullivan was acting in the course and scope of his employment.  However, it is denied that he used excessive force. Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

101. Denied.

102. Denied.

Wherefore clause is denied.

## COUNT V:  NEGLIGENT USE OF ELECTRONIC CONTROAL DEVICE
## (BRADSHAW)

103. See the Defendants' previous responses to paragraphs 1 through 64 as if fully set forth herein.

104. This paragraph appears to be a statement of law not fact.  Therefore, it is denied as phrased.  Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

105. Denied.

106. This paragraph appears to be a statement of law not fact.  Therefore, it is denied as phrased.  Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

107. Denied.

Wherefore clause is denied.

## COUNT VI:  NEGLIGENT SUPERVISION, RETENTION AND
## TRAINING   (BRADSHAW)

108. See the Defendants' previous responses to paragraphs 1 through 64 as if fully set forth herein.

109. This paragraph appears to be a statement of law not fact.  Therefore, it is denied as phrased.  Further, it is denied that there is liability or that the Plaintiff is entitled to an award of damages.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

Wherefore clause is denied.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury for all issues appropriately tried by a jury.

## GENERAL DENIAL

Any and all allegations to which a specific response has not previously been provided is herein denied and strict proof thereof is demanded.

## DEFENSES

1. As a first and separate defense, the Defendant SHERIFF would assert, regarding the negligence claims, that any and all injuries suffered by Plaintiff were caused in whole or in part by reason of Plaintiff's negligent and/or wrongful acts and conduct, as a consequence of which the Plaintiff is not entitled to recovery or any recovery should be reduced in direct proportion thereto, pursuant to the law of comparative fault.

2. As a further and separate Defense, the Defendant SHERIFF would assert that all of the actions attributable to the Sheriff by which Plaintiff complains in Count VI represent discretionary/policy-making functions from which the Defendant is immune from liability for any injuries attributable thereto.

3. As a further and separate Defense, the Defendants would assert that they are immune from liability, or liability is limited for any and all alleged injuries or damages about which Plaintiff complains, regarding his state law claims, by virtue and by operation of Florida Statutes §768.28(9)(a) and §768.28(5).

4. As a further and separate Defense, the Defendants BRADSHAW and SULLIVAN, in their individual capacities, would assert that they are immune from any and all liability through application of the concept of qualified immunity, as they, at no time, committed any act in

derogation of Plaintiffs' civil rights of which a reasonable police officer would have had knowledge or fair warning of, and, at all times, otherwise acted in good faith and otherwise acted with arguable probable cause and/or probable cause and/or reasonable suspicion and or arguable reasonable suspicion, and with a reasonable amount of force.

5. As a further and separate Defense, the Defendants BRADSHAW and SULLIVAN, in their individual capacities, would assert that as to the state law claims, to the extent they exist, all actions taken, if any, were taken within the course and scope of their employment, and not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, and consequently they are immune from suit in their individual capacities pursuant to Florida Statutes §768.28(9)(a).

6. As a further and separate Defense, the Defendants are not liable for damages in this action in that the injury allegedly sustained was sustained during the commission or attempted commission of a forcible felony in accordance with F.S. §776.085.

7. As a further and separate Defense, the Defendants would assert that any and all actions were taken:

    a. Without malice;

    b. With probable cause;

    c. In pursuit of lawful and legal duties;

    d. With such force as was reasonable and necessary under the circumstances.

8. As a further and separate defense, the Defendants would assert that they are entitled to a set off for any collateral sources of compensation for Plaintiff alleged injuries and/or damages.

9. As a further and separate defense, the Defendants would assert that to the extent force was used, the force was justifiable and otherwise lawful pursuant Chapter 776, Florida Statutes.

10. As a further and separate Defense, the Defendant SHERIFF would assert that the Plaintiff has failed to plead any fact demonstrating that the Defendant SYLLIVAN was negligently hired or retained.

11. As a further and separate Defense, the Defendants would further state that the Defendants preserve any right that the Defendants have to recover attorneys' fees and costs pursuant to Federal Statute and appropriate Rules of Civil Procedure including, but not limited to, 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure.

12. As a further and separate Defense, the Defendant SHERIFF would state that pursuant to Florida Statute 768.096, the employer Defendant relies upon the presumption against negligent hiring as contained therein. Specifically, Defendant SULLIVAN met all of the requirements under state law to be hired as a deputy sheriff.

13. As a further and separate Defense, the Defendants would assert that the detention was lawful as it was based upon the existence of reasonable suspicion, in accordance with Terry v. Ohio, 392 U.S. 1 (1968) and Florida Statute 901.151.

14. As a further and separate Defense, the Defendants are entitled to a set-off for medical bills that were written off by medical providers who examined and/or treated Plaintiff pursuant to the Plaintiff's contracts with health insurance/maintenance organizations, Gobel v. Frohman, 901 So.2d 830 (Fla. 2005), and/or reduced upon the Plaintiff's acceptance of payments from Medicare and/or Medicaid. Thyssenkrup Elevator Corp. v. Lasky, 868 So.2d 547 (Fla. 4th DCA 2003).

15. As a further and separate defense, regarding the Plaintiff's state law battery/excessive force claim, the Defendants would assert that the decision to use the taser or dart firing stun gun was in response to the Plaintiff's active physical resistance and otherwise was in full compliance with Florida Statute 943.1717, and further, the Defendant SULLIVAN received the necessary training and certification pursuant to that statute.

16. As a further and separate defense, the Defendant SHERIFF would assert that there is no custom, policy, practice or procedure which provided the moving force or cause of any alleged violation of Plaintiff's constitutional rights. The Plaintiff bears the burden of proof on this issue.

## **DEMAND FOR TRIAL BY JURY**

The Defendants, RIC BRADSHAW, individually and in his official capacity as Sheriff of Palm Beach County, Florida, and DEPUTY SHERIFF DUSTIN SULLIVAN, individually, hereby demand trial by jury on all issues so triable.

Respectfully submitted,

  */s/ Richard A. Giuffreda*
RICHARD A. GIUFFREDA, ESQUIRE
Fla. Bar No.: 705233
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
Attorneys for Defendants
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
Email: richard@purdylaw.com; jennifer@purdylaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed a copy of the forgoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, and provided a copy of same by electronic mail to: **ROSALYN SIA BAKER-BARNES, ESQUIRE and JOHN SCAROLA, ESQUIRE**, 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409 [rsb@searcylaw.com, baker-barnesteam@searcylaw.com, jsx@searcylaw.com, scarolateam@searcylaw.com] this 10th day of April, 2023.

      _s/Richard A. Giuffreda_
RICHARD A. GIUFFREDA, ESQUIRE
Fla. Bar No. 705233
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:	(954) 462-3200
Facsimile:	(954) 462-3861
e-mail: richard@purdylaw.com, jennifer@purdylaw.com
Attorney for *Defendants*
Trial Counsel